```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


ELLODIE BOYD                                CIVIL ACTION

v.                                          NO. 06-3176

WAL-MART STORES, INC.                       SECTION "F"
```

## ORDER AND REASONS

Before the Court is Wal-Mart's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

After shopping in Wal-Mart in Algiers, Ellodie Boyd was leaving the store with her daughter on May 24, 2005 when she slipped and fell. She hurt her right knee. There was a puddle in the area of her fall -- somewhere between the customer service area and the exit at the front of the store. Ms. Boyd went to the emergency room later that day. About a year later, she had surgery on her right knee.

Wal-Mart has no surveillance of Ms. Boyd's fall. There is no evidence that any Wal-Mart employee witnessed her fall. There are no records of any zone checks or requests for clean-up in the area of Ms. Boyd's fall, before or after. Customer Service Manager, Colleen Sherman, who was responsible for the front of the store, told Assistant Manager Michael Webre about the incident, but she did not witness it herself.

On May 19, 2006, Ms. Boyd sued Wal-Mart for negligence. Wal-Mart removed the suit to this Court and now seeks summary judgment.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with

competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

    II.  Plaintiff's Burden on Merchant Liability

La.R.S. 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care.  In determining

3

> reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> C.  Definitions
>
> (1)  "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

...

The Louisiana Supreme Court has interpreted this statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall. See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corporation of Minnesota, 2007 WL 1170859, at *2 (5th Cir. April 17, 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See id. at 1084. "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a temporal element. White, 699 So.2d at 1084-85. This temporal component -- whether the time period is

lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard -- is a question of fact, proof of which is a burden plaintiffs must bear.  Id. at 1084.

### III.  Application

The dispute here is whether Ms. Boyd has raised a fact issue regarding whether the stuff on the floor existed for a period of time sufficient to advance constructive notice.  Invoking the statutory definition of constructive notice, Wal-Mart contends that the plaintiff cannot prove that the condition existed for such a period of time that it would have been discovered if Wal-Mart had exercised reasonable care.  La.R.S. 9:2800.6C(1).  The plaintiff counters that Wal-Mart's assistant manager conceded that water was on the floor.  But Mr. Weber noted that fact only after the alleged event had occurred.  "Simply demonstrating the existence of the hazard [Louisiana law demands] does not satisfy the burden."  Cf. Courville, 2007 WL 1170859, at *2 (citing White, 699 So.2d at 1084).

The plaintiff also seeks the shield of a fact issue with the observation that cashiers were in the vicinity of the event.  But, as the statute defines constructive notice:  "...[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."  La.R.S. 2800.6C; see

also Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188 (La. 1999).[1] This record, however, offers her no support that comports with the stringent mandates of state law.

The plaintiff effectively asks the Court to shift the burden to Wal-Mart to prove that it acted reasonably. As the Louisiana Supreme Court pointed out in White, however, "the statute provides for no such shift." White, 699 So.2d at 1085. The Louisiana Supreme Court takes a very frank merchant-protective view:

> The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving in the negative, the statute simply does not provide for a shifting of the burden.

Id. at 1084.

Although Wal-Mart has the burden to show that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory element of the plaintiff's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The

---

[1] In Kennedy v. Wal-Mart Stores, Inc., the Louisiana Supreme Court reversed the trial court's determination that the plaintiff had shown that the defendant had constructive knowledge of a spill, even where the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening of the accident. 733 So.2d 1188, 1191 (La. 1999). The court reasoned "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident" and therefore failed to carry his burden. Id.

record reflects that the plaintiff testified that she fell after taking about five steps from the customer service counter with her daughter, headed toward the store exit. The liquid that she says she slipped in had no track marks and was difficult to see because it was clear and blended in with floor. It was "not that big" of a puddle on the floor, about the size of a saucer. The plaintiff observed the puddle after she claims she fell, as did Mr. Webre when he came to the scene of the accident. Thus, it seems undisputed that a clear liquid was on the floor *after* Ms. Boyd fell. But there is no evidence in support of the constructive notice element of her claim, as required by La.R.S. 9:2800.6B(2); no circumstantial evidence has been presented which would enable the Court to even infer that something had been there for some time *before* the plaintiff fell.[2] Because the plaintiff is not able to establish an essential element of her claim as required by Louisiana, Wal-Mart is entitled to judgment as a matter of law. The local law of merchant-liability demands more for plaintiff to

---

[2] Although <u>White</u> was decided after a trial on the merits, like in <u>White</u>, the plaintiff here has "presented no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence." <u>White</u>, 699 So.2d at 1086. Although she presents none, the plaintiff suggests that there is sufficient evidence to present to a jury; she fails to suggest what factual issues remain for a jury to determine. This Court is bound by what it interprets as the patently protective character of Louisiana's current merchant liability statute and decisions of the state's high court.

be able to withstand a claim for summary relief.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED.

New Orleans, Louisiana, May 10, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE